IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:24CR49 |
| vs. | ORDER |
| DAMIEN WELLS, | |
| Defendant. | |

On September 29, 2025, this matter came on for hearing on defense counsel's Motion to Withdraw (Filing No. 105). Defendant was present with counsel Acting Federal Public Defender Richard McWilliams. Assistant United States Attorney Kimberly Bunjer appeared for the government. Arguments were made. For the reasons noted on the record and as stated further herein, the motion was denied.

Defendant was present but did not participate in the hearing. Instead, he made loud repetitive statements concerning matters not relevant to the proceedings and continued to interrupt. He has done so in every prior hearing with the undersigned magistrate judge, and with others. The court permitted Defendant to make a record, but cautioned him that the matter would need to proceed without interruption. Defendant continued to make the same repetitive statements. At the court's direction, Defendant's microphone was muted and Defendant was escorted to the back of the courtroom. Defendant continued to make the same repetitive statements, but the matter continued. The court did not order the hearing be sealed as counsel for both parties recognized the discussion would likely not contain any confidential attorney-client communications, as Defendant has refused to communicate at all with his appointed attorney.

This matter is currently set for jury trial on October 14, 2025, with Chief District Judge Robert F. Rossiter.[1] It has been pending since March 18, 2024, but delayed, due in large part, to Defendant's refusal to participate and arguably his deliberate efforts to disrupt proceedings.

---

[1] It appears Defendant recently filed an Unopposed Motion to Continue Trial for 60 days. (Filing No. 109).

Magistrate Judge Michael Nelson first documented these tactics at Defendant's initial appearance on April 4, 2024, noting that "Defendant states that he does not recognize the jurisdiction of this court. Defendant refused to participate in the proceedings and continues to try to speak over all participants." (Filing No. 8, Text Minute Entry).[2] This pattern has continued since. *See* Filing No. 41, August 5, 2024 text minute entry (Defendant refused to be transported to the courthouse for hearing); Filing No. 44, August 19, 2024 text minute entry ("Defendant continues to speak repeatedly during court proceedings"); Filing No. 52, September 9, 2024 text minute entry (same); Filing No. 63, February 3, 2025 text minute entry ("same"); Filing No. 66, February 18, 2025 text minute entry ("Defendant continues to speak repeatedly during court proceedings" and refused to respond to the court's inquiry, "but instead continued to make repetitive statements not relevant to the issue"); Filing No. 94, June 23, 2025 text minute entry ("Defendant continued to speak repeatedly, interrupting the court and the attorneys" and was eventually removed and permitted to observe the hearing with audio and video access).

Defense counsel Mr. McWilliams expressed a number of concerns regarding his inability to adequately prepare for trial because his client refuses to speak with him. While counsel emphasized that he can try the case if asked, he may not be able to adequately incorporate his client's preferences or defense strategies due to the lack of any communication or attorney-client relationship. These concerns are valid, but clearly a problem solely created by Defendant. In his motion, Mr. McWilliams sets forth in detail his many attempts to communicate with his client. This has included multiple attempted in-person visits and a number of letters sent to Defendant, all of which were refused. While counsel for the government suggests the motion should be granted and Defendant left to his own demise, case law suggests that is not the right approach.

It is well established that the right to self-representation is not absolute. It must be invoked clearly and unequivocally and it may terminate if a defendant deliberately engages in serious and obstructionist misconduct. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (internal

---

[2] Judge Nelson first appointed Mr. McWilliams, through the Federal Public Defenders (FPD) Office, as standby counsel at the initial appearance, but then later appointed him as counsel of record. (Filing No. 20). On August 19, 2024, defense counsel was permitted to withdraw and Defendant represented himself. (Filing No. 44). The government then moved for a sealed evaluation and Mr. McWilliams was again appointed as counsel for Defendant for the purposes of a sealed hearing, but then later as counsel of record again. (Filing No. 63, February 3, 2025 text minute entry and Filing No. 66, February 18, 2025 text minute entry). Mr. McWilliams has remained as counsel of record for Defendant since.

citations omitted). "The right of self-representation is not a license to abuse the dignity of the courtroom." *Id.* The court may terminate self-representation by a defendant "who deliberately engages in serious and obstructionist misconduct." *Id.*; *see also United States v. Mosley*, 607 F.3d 555, 557-58 (8th Cir. 2010) ("A defendant is not entitled to use the right of self-representation as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." (internal citation and quotation omitted)).

The circumstances in *Mosley* were similar to those here. The defendant in that case was disruptive and unresponsive during his pretrial hearings and all indications were he would continue to engage in that behavior at trial. The defendant refused to answer the magistrate judge's questions directly and repeated that he was a "secured party." 607 F.3d at 557. The magistrate judge gave the defendant an opportunity to address the court, "at which time Mosley read from a prepared statement making claims that were unrelated to his case." *Id.* The Eighth Circuit concluded that the defendant's "obstreperous conduct provided sufficient grounds for the district court to terminate and disallow Mosley's self-representation. Mosely's behavior interfered with pretrial proceedings and delayed the trial. There was good cause to believe that Mosely would continue to disrupt the proceedings[.]" *Id.*

The same thing happened in *United States v. Atkins*, 52 F.4th 745 (8th Cir. 2022), where the Eighth Circuit found it appropriate for the district court to terminate the defendant's self-representation. The defendant there "consistently demonstrated his unwillingness to participate in the proceedings by interrupting and arguing with the court, refusing to provide responsive answers, and insisting that 'the trial is not going to happen.'" *Id.* at 751. During one hearing, the defendant was removed from the courtroom. The district court noted it appeared the defendant's conduct was "volitional and tactical or strategic in nature" and "done for effect." *Id.* The Eighth Circuit confirmed that a "court faced with such obstructive conduct does not violate the right to self-representation by denying a defendant's request to proceed *pro se*." *Id.*

In this matter, the court is hard-pressed to find that Defendant has invoked his right to self-representation clearly and unequivocally. Defendant refuses to engage or respond at all, even though the court has given him multiple opportunities to be heard. And even if the right has been invoked, the court finds it has been waived. Like the circumstances in *Mosley*, Defendant's conduct appears to be volitional and tactical or strategic in nature and likely "done for effect." To what end,

3

of course, remains unclear. Defendant in every pretrial hearing has interrupted the court and counsel when speaking, again referencing statements that have no relevance to the proceeding itself. Defendant disputes the court's jurisdiction and has made continued attempts to disrupt the proceeding and interfere with a proper audio recording and making a clear record. The court at one time was forced to remove Defendant from the courtroom during his motion to suppress hearing due to his continued interference. (Filing No. 94, text minute entry). There is ample good cause to believe Defendant will continue to engage in this obstreperous conduct at trial. While the government is not wrong that Defendant may or should suffer the consequences of his self-inflicted behavior, including his refusal to cooperate with his own attorney, the court also has an interest in ensuring the integrity and efficiency of the trial. Permitting Defendant to represent himself will only cause further delay.

Mr. McWilliams is no doubt left in an unenviable position-- forced to proceed to trial with a client who refuses to speak to him. But it is clear Defendant will likely refuse to speak to anyone. Mr. McWilliams' role in this matter as counsel is critical to ensure the integrity and efficiency of these proceedings. If Defendant is unhappy with the result, whatever that may be, he has only himself to blame. Based upon the court's observations, Mr. McWilliams has continued to represent Defendant zealously and diligently since his initial appointment and will no doubt endeavor to do so at trial.

Dated this 30th day of September, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge