IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAMIEN WELLS,<br><br>Defendant. | 8:24CR49<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE #2** |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, Martin J. Conboy IV, and hereby submits its response to the Defendant's Motion in Limine #2. (R. Doc. 191).

Defendant's motion anticipates behavior by the Defendant which will significantly impair the Court's ability to conduct the trial. Historically, Defendant has acted in a manor disruptive to Court proceedings, usually in the form of repeating the same phrase over and over, which has included him getting louder to be heard over the parties in the courtroom. During prior proceedings, Defendant has been removed. Defendant anticipates this behavior to continue, and seeks an Order in Limine to prevent his removal.

In support of his motion, Defendant relies on United States v. Ward, 598 F.3d 1054 (8th Cir. 2010), which prohibited a court from removing a defendant for being merely disruptive. at 1058. Ward's most disruptive behavior centered on his continually talking loudly to his attorney, despite the court's admonishment to stop doing so. Id. at 1056-1057. The Eighth Circuit found that being merely disruptive was not enough to justify Ward's removal from the courtroom, and reversed the conviction.

However, Defendant has failed to consider United States v. Hellems, 866 F.3 856 (8th Cir. 2017). Beginning at jury selection, Hellems began interrupting the court. Id. at 860. The court instructed he needed to remain quiet and he would have a chance to speak later. Id. Hellems continued with his interruptions and continued to get louder. Id. The court warned Hellems he would be removed if he continued with his behavior, and he was ultimately removed. Id.

The Eighth Circuit noted Ward, but found a defendant could forfeit his right to be present in the courtroom at his trial if he nevertheless insisted on conducting himself in a manner so disorderly, disruptive, and disrespectful. Id. at 864. Judges must be given discretion to deal with unruly defendants and be able to maintain the proper dignity and decorum of a courtroom. Id.

It is unclear, what if any, behavior the Defendant will display in the courtroom once trial commences. However, there is a clear line in what has been called "merely disruptive," pursuant to Ward, and going beyond this by continual interrupting the Court, acting in a manner which interferes with the Court in conducting a trial, etc. It is anticipated Defendant will do the latter, based on his history, which includes his loud repeating of his personal mantra. This constant droning on when the Court and parties are trying to speak, is clearly intended to be more than "merely disruptive," and if it is allowed to continue throughout the course of the trial, it will seriously effect the Court's ability to conduct the trial.

As such, the United States ask the Court to deny the Defendant's Motion in Limine #2, seeking to prevent the Defendant's removal from the trial. Should the Defendant be merely disruptive to the proceedings, then the issue is moot. However, should the Defendant start to engage in his usual behavior by loudly repeating the same thing over and over, then that behavior goes beyond being merely disruptive and the Court should reserve the right to remove him.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS,
United States Attorney

By: s/ Martin J. Conboy IV
Martin J. Conboy IV (#22257)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify on October 22, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Richard Hale McWilliams

s/ Martin J. Conboy IV
Martin J. Conboy IV
Assistant U.S. Attorney